Filed 6/24/26  P. v. Chance CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY ALAN CHANCE,<br>        Defendant and Appellant. | C102908<br><br>(Super. Ct. No. 24CF00018)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on June 16, 2026, be modified as follows:

1.      On page 4, the first full paragraph reads, "Defendant claims the trial court erred in imposing the middle term because his youth was a factor in mitigation, requiring imposition of a presumptive low term pursuant to section 1170, subdivision (b)(6), and when imposing the middle term, the court relied on aggravating factors that were not admitted by defendant or proven beyond a reasonable doubt in violation of defendant's Sixth Amendment rights" and is replaced to read as follows:

> Defendant claims the trial court erred in imposing the middle term because his psychological childhood trauma was a factor in mitigation, requiring imposition of a presumptive low term pursuant to section 1170, subdivision (b)(6), and when imposing the middle term, the court relied on aggravating factors that were not

1

admitted by defendant or proven beyond a reasonable doubt in violation of defendant's Sixth Amendment rights.

There is no change in the judgment.

BY THE COURT:


\s\
_____
KRAUSE, Acting P. J.


\s\
_____
BOULWARE EURIE, J.


\s\
_____
WISEMAN, J.[1]

---

[1]     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/16/26  P. v. Chance CA3 (unmodified opinion)

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANTHONY ALAN CHANCE,<br><br>　　　Defendant and Appellant. | C102908<br><br>(Super. Ct. No. 24CF00018) |

Defendant Anthony Alan Chance pled guilty to arson and vandalism of religious property, and the trial court imposed the middle term of four years in state prison for arson.  At sentencing, the trial court found that defendant had experienced psychological childhood trauma but determined the lower term was not in the interest of justice because other aggravating factors warranted imposition of the middle term.  Defendant contends the trial court relied on aggravating factors that were not admitted by defendant or proven beyond a reasonable doubt when imposing the middle term sentence in violation of his Sixth Amendment rights.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2023, Paradise Police Department officers arrived at a church in response to a 911 call reporting an alarm and a loud crash.  Officers saw broken glass and a rock near the front door.  They also saw a "mist emanating from inside the church" and smelled chemicals and burning.  The officers entered the kitchen and saw and extinguished a fire.

1

Shortly after, police dispatch received a call from a taxi driver who indicated his passenger, later identified as defendant, admitted to breaking the glass door, starting the fire, and wanted to surrender to the police at the church. Defendant arrived at the church, and the officers arrested him. After being transported to the police station, defendant admitted to officers that he broke the glass door with a rock, entered the church, and started the fire. He also claimed it was "God's plan," that "God had been talking to him for a long time," "God wanted locked churches to be burned," and that he was a "messenger."

Defendant had a prior history with the Paradise Police Department. Three days before the fire incident, officers conducted a welfare check on defendant at a hotel after his friend and aunt both reported to the police that defendant was being told by " 'God' to kill his friends" and that he would "do whatever God [told] him to do, no matter who it hurts." The officers contacted defendant at the hotel and determined he was calm and in good spirits.

Later that night, a hotel employee reported to police that defendant was "acting strange" and had stated, "The church is going to catch fire." When the officers returned later that night, defendant was at the church and said, "God told him the church was going to burn down if the doors were locked" and that he was the " 'chosen one' " to carry out "God's plans." Defendant put post-it notes on the church that advised the same. When defendant refused to leave the church, the officers arrested him for trespassing and released defendant the following day. The day before the fire incident, officers again went to the hotel because defendant had returned and was making more statements "about God telling him to do things." The officers again cited defendant for trespassing and released him the same day.

In January 2024, a complaint charged defendant with arson of a structure (Pen. Code, § 451, subd. (c))[2] and vandalism of religious property (§ 594.3, subd. (a)). As to

---

**2** Undesignated section references are to the Penal Code.

the arson count, the complaint alleged the arson was caused by use of a device designed to accelerate the fire or delay ignition (§ 451.1, subd. (a)(5)). The complaint also alleged a prior strike conviction (§§ 667, subd. (b)-(j), 1170.12).

In November 2024, defendant pled no contest to both counts. Pursuant to the plea agreement, the trial court struck the other allegations. At sentencing, the trial court indicated it would impose the middle term after considering the probation report, defendant's record of conviction, and a letter he wrote. Defense counsel asked the trial court to grant probation or alternatively impose the lower term, citing defendant's mental health as a mitigating factor under section 1170.

The trial court denied defendant's request for probation. As to its selection of the appropriate sentence, the court explained: "The [d]efendant did stipulate to the existence of aggravating factors. In reviewing California Rules of Court[, rules] 4.421 and 4.423, this [c]ourt does find the aggravating circumstances outweigh the mitigating circumstances. Pursuant to Penal Code 1170[, subdivision] (b)(6), I do recognize that the [d]efendant has experienced psychological childhood trauma including, but not limited to, abuse, neglect, exploitation or sexual violence. I did take that information into account. And because of the existence of this factor, pursuant to Penal Code Section 1170[, subdivision] (b)(6), this [c]ourt does have to consider imposition of the lower term."

In aggravation, the trial court found defendant's prior convictions as an adult were increasing in seriousness and nature; the manner in which defendant committed the crime indicated planning, sophistication or professionalism; the crime involved the damaging of a church resulting in over $5,000 in restitution; and defendant "engaged in conduct that indicates a serious danger to society." In mitigation, the court found defendant may have been suffering from a mental or physical condition that significantly reduced his culpability; defendant's prior performance on probation had been satisfactory; and defendant acknowledged wrongdoing relatively early in the proceedings.

After balancing the aggravating and mitigating factors, the trial court found "that imposition of the lower term wouldn't be in the interest of justice because there are

3

aggravating factors that warrant the imposition of the middle term." The court sentenced defendant to an aggregate prison term of four years eight months, comprised of a middle term of four years for arson, and eight months (one-third the middle term) for vandalism of religious property.

Defendant filed a timely appeal.

DISCUSSION

Defendant claims the trial court erred in imposing the middle term because his youth was a factor in mitigation, requiring imposition of a presumptive low term pursuant to section 1170, subdivision (b)(6), and when imposing the middle term, the court relied on aggravating factors that were not admitted by defendant or proven beyond a reasonable doubt in violation of defendant's Sixth Amendment rights.

As an initial matter, the People claim defendant both forfeited and waived his claim. The People argue that defendant forfeited this issue by not objecting at sentencing. We disagree. At sentencing, counsel argued that defendant should be sentenced to the lower term or probation. Because defendant objected to the middle term sentence at the sentencing hearing, he did not forfeit his claim. (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

As to the waiver, the People contend defendant waived his claim based on his plea form where he admitted certain aggravating factors were present and that the trial court could rely on the probation report during sentencing. Although defendant made these admissions, as discussed *infra*, defendant's Sixth Amendment right to have the factors in aggravation proven beyond a reasonable doubt was not implicated when the trial court imposed the middle term rather than the lower term under section 1170, subdivision (b)(6). (§ 1170, subd. (b)(1)-(3), (b)(5)(6); *People v. Sarmiento-Zuniga* (2025) 108 Cal.App.5th 1216, 1223-1224 (*Sarmiento-Zuniga*).) As such, defendant did not waive his claim.

Turning to the merits, we independently interpret the statute at issue. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) When interpreting a statute we must determine the

4

Legislature's intent to effectuate the purpose of the law.  (*People v. Reynoza* (2024) 15 Cal.5th 982, 989-990.)  Our first task it to "examine the statutory language giving it a plain and commonsense meaning." (*Id*. at p. 989.)  If the statutory language is clear, we generally must follow its plain meaning.  (*Ibid*.)

Here, "[t]he plain language and statutory context of Penal Code section 1170, subdivision (b) are clear the Legislature did not intend to impose evidentiary or proof requirements or restrictions on the imposition of a middle term sentence.  (Compare Pen. Code, § 1170, subd. (b)(1) with Pen. Code, § 1170, subd. (b)(2), (b)(6).)  In imposing a middle term sentence, all that section 1170 requires is that the court apply the Judicial Council's sentencing rules and that the court state the facts and reasons for imposing the middle term on the record at the time of sentencing.  (§ 1170, subds. (a)(3), (b)(5), (c); see Cal. Rules of Court, rule 4.401 et seq. [felony sentencing rules].)"  (*Sarmiento-Zuniga, supra*, 108 Cal.App.5th at pp. 1223-1224.)

Defendant acknowledges *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, *People v. Hilburn* (2023) 93 Cal.App.5th 189, and *Sarmiento-Zuniga*, *supra*, 108 Cal.App.5th 1216 as authority holding the Legislature did not intend to impose evidentiary or proof requirements or restrictions on the imposition of a middle term sentence.  Nevertheless, defendant argues these cases were decided incorrectly.  We disagree.

The limitations on the trial court's sentencing discretion to impose upper term sentences, as set forth in section 1170, subdivision (b)(1) and (2), does not apply to the court's discretion under section 1170, subdivision (b)(6), the provision at issue here.  (*Bautista-Castanon, supra*, 89 Cal.App.5th at pp. 928-929; *People v. Hilburn, supra*, 93 Cal.App.5th at pp. 202-205; *Sarmiento-Zuniga, supra*, 108 Cal.App.5th at pp. 1223-1224.)  At sentencing, the trial court found defendant had experienced childhood trauma (§ 1170, subd. (b)(6)).  As such, it was required to impose the lower term unless it found "that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (*Ibid*.)  The trial court made this finding.

Nor has defendant established that the trial court's choice to impose the middle term fell "outside the bounds of reason under the applicable law and the relevant facts." (*Sarmiento-Zuniga, supra*, 108 Cal.App.5th at p. 1226.)  The court considered the probation report, defendant's record of conviction, and defendant's letter.  The court then balanced the mitigating factors against the aggravating factors, expressly stating each factor it considered and found the aggravating factors outweighed the mitigating factors such that it was not in the interests of justice to impose the lower term.  Accordingly, defendant's claim fails.

## DISPOSITION

The judgment is affirmed.

\s\
KRAUSE, Acting P. J.

We concur:

\s\
BOULWARE EURIE, J.

\s\
WISEMAN, J.*

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6